# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHRISTIANA TRUST, A DIVISION OF
WILMINGTON SAVINGS FUND
SOCIETY, FSB, NOT IN ITS
INDIVIDUAL CAPACITY BUT AS
TRUSTEE OF ARLP TRUST 3,
Appellant,
vs.
VIA MANTOVA TRUST,
Respondent.

No. 70335

FILED

DEC 22 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER VACATING JUDGMENT AND REMANDING

This is an appeal from a district court order granting a motion to dismiss or, in the alternative, for summary judgment in a quiet title action. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we vacate and remand.

Appellant Christiana Trust argues that the district court erred in relying on *SFR Investments Pool 1 v. U.S. Bank*, 130 Nev., Adv. Op. 75, 334 P.3d 408, 419 (2014) (holding that proper foreclosure of the superpriority piece of a homeowners' association's lien extinguishes a first deed of trust), because *SFR* should be applied prospectively only. We disagree as explained in *K&P Homes v. Christiana Trust*, 133 Nev., Adv. Op. 51, 398 P.3d 292 (2017).

Christiana Trust also argues that the district court erred in dismissing the action or granting summary judgment without allowing a continuance to conduct discovery related to equitable grounds to set aside the foreclosure sale. We agree.

This court's decision in *SFR Investments* did not require judgment in favor of respondent as a matter of law as it did not decide all issues surrounding a homeowners' association's foreclosure sale, such as the availability of equitable grounds for relief. In this respect the district court did not consider our decision in *Shadow Wood Homeowners Ass'n v. New York Community Bancorp, Inc.*, 132 Nev., Adv. Op. 5, 366 P.3d 1105, 1109-12 (2016), which was issued after the parties briefed and argued the motion to dismiss and competing motions for summary judgment but before the district court issued its written order. Of relevance, *Shadow Wood* explains that the conclusive effect of the recitals included in a trustee's deed of sale, as provided in NRS 116.31166, does not eliminate equitable relief but that the party challenging the sale must set forth grounds for such relief. The district court also did not have the benefit of our decision in *Nationstar Mortgage v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91 at 5-10, 10 n.7, 405 P.3d 641 (2017), which held that although homeowners' association foreclosure sales under NRS Chapter 116 are not evaluated under a commercial reasonableness standard, evidence relevant to commercial reasonableness "may sometimes be relevant to a fraud/unfairness/oppression inquiry" for purposes of an equitable challenge to the sale.[1] Although Christiana Trust's NRCP 56(f) declaration did not expressly ask to conduct discovery as to whether the sale was affected by fraud, unfairness, or oppression, its motion sought a continuance to afford it an opportunity to conduct discovery "to show the existence of other factors

---

[1]*Nationstar* also rejects Christiana Trust's interpretation of *Shadow Wood* and reaffirms that inadequate price alone is insufficient to set aside a foreclosure sale. 133 Nev., Adv. Op. 91 at 12-17.

SUPREME COURT
OF
NEVADA

(O) 1947A

such as potential fraud, unfairness, or oppression." Considering *Shadow Wood* and *Nationstar*, we cannot agree with the district court's assessment that discovery on that issue would be "futile." Accordingly, we conclude that summary judgment may have been improper.[2] We therefore

ORDER the judgment of the district court VACATED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:   Hon. Joseph Hardy, Jr., District Judge
      John Walter Boyer, Settlement Judge
      Wright, Finlay & Zak, LLP/Las Vegas
      Ayon Law, PLLC
      Eighth District Court Clerk

---

[2]We note that Christiana Trust withdrew its constitutional challenges to the statutory scheme for homeowners' association foreclosure sales following our decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage*, 133 Nev., Adv. Op. 5, 388 P.3d 970 (2017) (rejecting due process and takings challenges).